16  233
44  1083

---

THE STATE, on the relation of POLAR STAR LODGE No. 1, praying for a mandamus *v.* the JUDGE OF THE THIRD DISTRICT COURT OF NEW ORLEANS.

The execution of judgments belongs to the Courts by which the causes have been tried in the first instance, whether such judgments have been reversed or affirmed on appeal.
An injunction cannot issue without judicial authority, and is within the discretion of the Court *a quo.*

ON the relation of *Polar Star Lodge No. One*, praying for a *mandamus*.
       *T. W. Collens* and *C. Dufour*, for relator.

MERRICK, C. J.   This proceeding is for the purpose of compelling the District Court to grant an injunction against the execution of a decree of this Court, at the instance of the attorneys who appeared before this Court in that case.

The petition for the injunction shows, as a ground for the same, that the suit was instituted without any authority from relator, and that all the proceedings were without its permission or mandate, and that the counsel who instituted the suit in the name of relator were not authorized so to do ; it shows, further, that a

P. Star Lodge
v.
3d Dist. Court.

small minority of the members of the corporation illegally assembled together, away from the usual place and apart from the other members, without any regular notice or any order from the Worshipful Master, and in violation of the by-laws of the corporation, and by deliberating and voting with persons not corporators, and being presided over by persons who were not members, passed an illegal and void resolution authorizing *J. L. Tissot, Esq.*, an attorney and counsellor at law, to institute said suit, which he accordingly did, with the assistance of *E. Filleul* and *J. Q. A. Fellows*, in violation of the rights of petitioner ; that said suit, though relator was never a party thereto, resulted in a judgment in its favor ; that relator was, and still is represented by *R. Brugier*, Worshipful Master, &c., &c,, and by a committee composed of *N. Colin, A. Colombet* and *L. Gloeckner;* and that the committee, by a resolution, is authorized to institute and prosecute these proceedings ; that by a resolution relator has declared that said suit was instituted without its authority or consent ; and that relator is in full possession of the property, and that the act of incorporation obtained on the 9th of February, 1858, was adopted for the benefit of relator and all the members, and only to prevent a supposed lapse of its corporate existence ; but that relator is nevertheless in full possession of all said property, and its officers hold·the same ; that the relator believes that *Messrs. Tissot, Filleul* and *Fellows* are about to issue execution and put the minority of the members of the corporation in possession, to the exclusion of the corporation itself and a large majority of the members thereof, so as to expel the proper officers, and put the property into the hands of *A. Morel*, styling himself Worshipful Master, and others illegally assuming to be officers of the corporation, but who are not in fact its officers, and many of them are not even members.

The relator prayed for an injunction forbidding said attorneys and counsellors at law to issue execution or to cause process to issue on the judgment ; and that the Clerk of the Court be injoined from issuing, or the Sheriff from executing the same ; and that petitioner have leave to cancel and vacate said judgment.

An inspection of the record of the original suit, and the opinion and decree of this Court, will show that the matter which is urged as the foundation of the injunction was put at issue and decided by us, and that substantially the same persons who now claim to represent the relator made the same claim in that suit, and it was determined against them by the judgment of this Court.

The question therefore is presented, whether the writ of injunction is one of absolute right in the sense that it cannot be refused in the first instance, although it is plain and manifest to the Judge that the demand for the same is utterly unfounded and in direct conflict with a matter having the force of the thing adjudged between the parties, which that Court is compelled to execute.

Article 617 C. P. declares that the execution of judgments belongs to the courts by which the causes have been tried in the first instance, whether such judgments have been reversed or affirmed on appeal. By articles 296, 298, 303 and 304, C. P., it is apparent that an injunction cannot issue without judicial authority.

We think a fair construction of these articles leaves a judicial discretion in the Court of the first instance, to refuse to issue an injunction where it is manifest that it is in direct conflict with the decree of this Court between the same parties, and where it necessarily implies a contempt of the authority of the Court. To issue an injunction under such circumstances would be a vain thing, involving parties in useless costs and delay.

If any individual corporator be refused his legal rights and immunities as such, by those exercising corporate powers, it will be time to consider what remedy he has, when his case is presented in proper form to the Court.

It is, therefore, ordered, that the rule prayed for by relator be refused, at its costs.